# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALTAN ZAGSAW,<br><br>   Petitioner,<br><br>   v.<br><br>DAVE DAVEY, Warden of CSP-Corcoran,<br><br>   Respondent. | Case No. 1:15-cv-00793-LJO-BAM HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>FOURTEEN DAY DEADLINE<br><br>(Doc. 11) |

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks to set aside his validation as a member of the Northern Structure prison gang, and to secure release from the Security Housing Unit (SHU) and restoration of early release credits lost as a result of the gang validation. Respondent moves to dismiss the petition for failure to exhaust state remedies.

I. **Procedural and Factual Background**

On November 15, 2010, prison officials confined Petitioner in an administrative housing unit (AHU) pending investigation of his association with the Northern Structure prison gang. Petitioner filed an administrative appeal challenging the placement. While the appeal was pending, prison officials validated Petitioner's association with the Northern Structure.[1] CDCR denied Petitioner's administrative appeal at all levels.

---

[1] Validation is the "formal and objective process for identifying and documenting Security Threat Group (STG) [gang] affiliates" among California state prison inmates. Cal. Code Regs. tit. 15, § 3378.2.

1

1  On June 5, 2012, Petitioner filed a petition for writ of habeas corpus in Kings County
2  Superior Court in which he requested an order expunging the validation documents from his prison
3  file and restoring custody credits lost as a result of validation.  On July 10, 2012, the Superior Court
4  denied the petition without prejudice to a new petition explaining Petitioner's delay in seeking relief.
5  Petitioner refiled the petition. On October 15, 2012, the Superior Court denied the petition, finding
6  evidence supporting Petitioner's gang validation.

7  On January 31, 2012, Petitioner filed a habeas petition in the California Court of Appeal.
8  The Court of Appeal denied the petition without prejudice on March 21, 2013, finding that Petitioner
9  demonstrated Director's level review only of his placement in the AHU, but not of his gang
10 validation.  On June 11, 2013, Petitioner filed a new petition challenging both his gang validation
11 and placement in the SHU, arguing that the Court of Appeals should waive the requirement of
12 administrative exhaustion because prison officials improperly dismissed his administrative appeal.
13 The Court of Appeal refused to waive exhaustion and denied the petition.

14 After reviewing Petitioner's case factors on April 1, 2014, the prison classification committee
15 retained Petitioner in the SHU based on his gang validation.  Petitioner filed an administrative appeal
16 challenging the validity of a confidential memorandum that supported his STG validation.  The
17 appeal was denied on all levels of review.

18 On January 28, 2015, Petitioner filed a habeas petition in Kings County Superior Court.  The
19 Superior Court refused to consider again the gang validation in general and found the confidential
20 memorandum sufficient to link Petitioner directly to Northern Structure gang members.  It denied
21 the petition on April 6, 2015.

22 On May 26, 2015, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28
23 U.S.C. § 2254 in this Court.

24 On June 17, 2015, Petitioner filed a habeas petition in the California Court of Appeal.  The
25 Court of Appeal denied the petition on August 8, 2015.

26 Petitioner did not file a petition with the California Supreme Court.

27 Respondent filed his motion to dismiss on September 3, 2015.  Petitioner filed no response.

28

2

## II. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a federal petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity with the state court and gives the state court the initial opportunity to correct the state's constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis. *Duncan*, 513 U.S. at 365 (legal basis); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8-9 (1992) (factual basis).

Here, Petitioner has never filed a petition for writ of habeas corpus in the California Supreme Court. The Petitioner has never sought review of the Court of Appeal decisions as was necessary for Petitioner to fully exhaust his state remedies.

## III. Conclusion and Recommendation

Petitioner has failed to exhaust judicial remedies. Accordingly, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus in this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within

///

///

3

1  **fourteen (14) days** after service of the objections.  The parties are advised that failure to file
2  objections within the specified time may constitute waiver of the right to appeal the District Court's
3  order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d
4  1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 9, 2015**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE