# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALTAN ZAGSAW,<br><br>  Petitioner,<br><br>  v.<br><br>DAVE DAVEY, Warden of CSP-Corcoran,<br><br>  Respondent. | Case No. 1:15-cv-00793-LJO-BAM  HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Docs. 11, 12, and 13) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to set aside his validation as a member of the Northern Structure prison gang, and to secure release from the Security Housing Unit (SHU) and restoration of early release credits lost as a result of the gang validation. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On October 13, 2015, the Magistrate Judge filed findings and recommendation in which she recommended that the Court dismiss the petition because of Petitioner's failure to exhaust state remedies. The findings and recommendations provided that objections could be served within thirty days. On October 23, 2015, Petitioner filed objections in which he provided a copy of the October 14, 2015, order of the California Supreme Court denying the petition for review.

Generally, a petitioner must have fully exhausted state remedies at the time he files for federal habeas relief. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982). A claim is exhausted once it has been fairly presented to the state's highest court. *Schwartzmiller v. Gardner*,

1

752 F.2d 1341, 1344 (9th Cir. 1984). Exhaustion is not jurisdictional, however, but is a matter of federal-state comity. *Id*. at 1345. As a result, "an appellate court may give relief if state remedies are exhausted by the time it acts, even if these remedies were not exhausted when the habeas corpus petition was filed." *Id.*; *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). When the highest state court has acted the claim, the barrier to federal habeas consideration of the claim's substantive merits is removed, and the federal court may proceed to consider it. *Sharpe v. Buchanan*, 317 U.S. 238, 239 (1942).

Petitioner has now fully exhausted his state court remedies. Accordingly, the Court hereby VACATES the findings and recommendations filed October 13, 2015. The case is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 30, 2015**          /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE

2